**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3987-22

J.S.,

    Plaintiff-Respondent,

v.

J.E.S.,

    Defendant-Appellant.

_____

        Submitted March 31, 2025 – Decided June 16, 2025

        Before Judges Sabatino and Gummer.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-1345-18.

        Horn Law Group, LLC, attorneys for appellant (Jeff J. Horn, on the brief).

        J.S., respondent pro se.

PER CURIAM

    In this post-judgment matrimonial matter, defendant J.E.S. moved to terminate his alimony obligation to plaintiff J.S. based on her alleged

cohabitation with another person.[1]  After conducting a plenary hearing, a Family Part judge entered an order modifying but not terminating defendant's alimony obligation and granting defendant a fee award.  Defendant appeals from that order.  Perceiving no abuse of discretion or legal error, we affirm.

I.

The parties were married in 2003, had one child who is emancipated, and divorced in 2018 by way of a final judgment of divorce that incorporated their August 21, 2018 marital settlement agreement (MSA).  In the MSA, defendant agreed to pay plaintiff $1,700 per month in alimony.  The MSA included the following provision:

> The Husband's obligation to pay said alimony shall terminate upon the earliest happening of any one or more of the following events:
>
> a. Payment of alimony in full per the term set forth above;
>
> b. Death of Husband;
>
> c. Death of Wife;
>
> d. Remarriage of Wife;

---

[1]  We use initials to protect the parties' privacy given our discussion about defendant's purported income as reported in part in his Family Case Information Statements submitted to the court pursuant to Rule 5:5-2.  See R. 1:38-3(d)(1) (excluding from public access "Family Case Information Statements required by [Rule] 5:5-2").

  e. <u>Cohabitation of Wife</u>, pursuant to the case law set forth in <u>Garlinger [v. Garlinger</u>, 137 N.J. Super. 56 (App. Div. 1975),] and <u>Gayet [v. Gayet</u>, 92 N.J. 149 (1983)], <u>shall serve as a triggering event to review the alimony obligation</u>.

  [(Emphasis added).]

On September 20, 2022, defendant moved for the immediate termination of his alimony obligation based on plaintiff's alleged cohabitation, reimbursement of alimony he had paid during the cohabitation period, and an award of counsel fees. In support of the motion, defendant submitted his certification in which he asserted plaintiff and M.C. had "resided together virtually every night" from August 5, 2022, through September 6, 2022. Defendant described M.C. as plaintiff's "full-time boyfriend." Defendant attached to his certification a September 12, 2022 report from a private investigator along with photographs and videos taken by the investigator of plaintiff and her boyfriend. The investigator concluded plaintiff and M.C. were cohabitating and that M.C. had "stayed the evening at [plaintiff's] home on August 5, 2022, through September 5, 2022."

In a February 8, 2023 order, a Family Part judge, the Honorable Laurie C. Poppe, J.S.C., denied the motion without prejudice, directed plaintiff to submit certain documentation, scheduled a conference to take place on March 1, 2023,

   A-3987-22

and indicated the court would "schedule a plenary hearing on the issue of termination or modification of alimony . . . if needed." In a March 1, 2023 order, the judge referred the case to mediation, but plaintiff subsequently advised the court she did not have the funds to pay her portion of the mediation fee, citing defendant's decision to stop paying her alimony.

The judge conducted a two-day plenary hearing on the issue of cohabitation. During the hearing, the investigator, plaintiff, M.C., and defendant testified.

The investigator testified about the surveillance of plaintiff his firm had conducted for several weeks in 2022 and 2023. According to the investigator, plaintiff's car and M.C.'s car were at the same residence nearly every day. He testified that on most days plaintiff and M.C. were in the house together in the evening and the next morning; they went grocery shopping together; and they shared in household chores, such as bringing in the mail and carrying in groceries.

Plaintiff testified she had met M.C. in February 2022 and began dating him the next month. According to plaintiff, between May 2022 and mid-April 2023, she and M.C. lived in the same residences, sometimes with other people, splitting rent and other expenses. Plaintiff testified they had stopped being

4

intimate in June or July of 2022. Regarding her income, plaintiff testified she had been unemployed and receiving social security disability benefits since 2016. She submitted some documents she had received and some documents she had prepared regarding her finances and M.C.'s finances. M.C. testified, largely corroborating plaintiff's testimony.

Defendant testified he had begun to suspect plaintiff was cohabitating when plaintiff sent him a letter in August 2021, offering to take a lump-sum payment of alimony instead of receiving payments over time. According to defendant, he hired the investigator in July 2022. Defendant provided the court with his original case information statement (CIS), his updated 2022 CIS, and his 2021 tax return. Defendant's 2022 CIS indicated his gross income in 2021 was $65,694; his 2021 tax return reflected an income of $84,980.

After the plenary hearing, the trial court entered an order on August 7, 2023, modifying but not terminating defendant's alimony obligation. The court reduced his monthly obligation to $1,250 beginning in May 2023. The court ordered plaintiff to pay defendant $18,000, which represented the investigator's fees of $8,000 and $10,000 of defendant's counsel fees. Rather than require plaintiff to pay that amount in one lump sum, the court further reduced defendant's monthly alimony obligation to $1,100 for 120 months.

A-3987-22

In its statement of reasons, the judge found plaintiff had "cohabitat[ed] with a male in an intimate, exclusive relationship" and had "derived an economic benefit from living with this cohabitant." The judge characterized the relationship as "short-term," concluding plaintiff and her cohabitant had stopped residing together in April 2023. Because of the economic benefit plaintiff had received, the judge "suspend[ed] [d]efendant's alimony obligation during the period when [p]laintiff was residing with [her cohabitant]."

The judge also imputed "a modest income" to plaintiff based on her residential state's minimum wage and a thirty-five-hour work week. Although recognizing plaintiff "does not work and receives social security disability income," the judge found plaintiff was able "to perform a modest level of work" using the skills she exhibited while "run[ning] errands for others like grocery shopping, meal preparation, babysitting" and dog walking. The judge reviewed evidence regarding plaintiff's financial needs and evidence regarding defendant's income, assets, and financial needs. Based on that evidence and the income she was imputing to plaintiff, the judge established $1,250 as defendant's monthly alimony obligation.

The judge awarded defendant the $8,000 investigator fee he had incurred "to obtain evidence of [p]laintiff's cohabitation." The judge found plaintiff's

"unilateral" decision not to participate in the mediation had cost defendant additional fees and costs in preparing for and participating in the plenary hearing. The judge found it "reasonable" to hold plaintiff responsible for $10,000 of defendant's counsel fees.

On appeal, defendant argues the trial court erred by not permanently terminating alimony, not awarding defendant all of his counsel fees plus interest, and not requiring plaintiff to pay him the fee award sooner. We disagree and affirm.

## II.

Our review of a Family Part judge's findings is limited. Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019). We "afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters." W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "Under that deferential standard of review, we are bound to uphold a finding that is supported by sufficient credible evidence in the record." Moynihan v. Lynch, 250 N.J. 60, 90 (2022). "We will reverse only if we find the judge clearly abused his or her discretion." Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012).

That deference applies to a Family Part judge's decision regarding a motion to amend a marital-support obligation. Cardali v. Cardali, 255 N.J. 85, 107 (2023); see also Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006) ("Whether [a support] obligation should be modified . . . rests within a Family Part judge's sound discretion."). Thus, a Family Part judge's decision regarding a support obligation should not be disturbed unless "the court made findings inconsistent with the evidence or unsupported by the record, or erred as a matter of law." Reese v. Weis, 430 N.J. Super. 552, 572 (App. Div. 2013). We review questions of law de novo. Cardali, 255 N.J. at 107.

Matrimonial agreements "are essentially consensual and voluntary in character and therefore entitled to considerable weight with respect to their validity and enforceability notwithstanding the fact that such an agreement has been incorporated in a judgment of divorce." Bermeo v. Bermeo, 457 N.J. Super. 77, 83 (App. Div. 2018) (quoting Petersen v. Petersen, 85 N.J. 638, 642 (1981)). If the provision is fair, a consensual agreement to reduce or terminate alimony based on a predetermined change of circumstances does not require inquiry into the dependent spouse's financial or economic status. Konzelman v. Konzelman, 158 N.J. 185, 197 (1999). However, a trial court retains the equitable power to modify support provisions in a marital settlement agreement.

Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 514 (2019); Lepis v. Lepis, 83 N.J. 139, 145 (1980); see also N.J.S.A. 2A:34-23 (support orders "may be revised and altered by the court from time to time as circumstances may require"). "Courts have consistently rejected requests for modification based on circumstances which are only temporary or which are expected but have not yet occurred." Lepis, 83 N.J. at 151; see also Donnelly v. Donnelly, 405 N.J. Super. 117, 128 (App. Div. 2009).

"Alimony in New Jersey is . . . governed by N.J.S.A. 2A:34-23, which allows for the ordering of alimony during the pendency of a matrimonial action or as part of a divorce judgment." Temple v. Temple, 468 N.J. Super. 364, 367 (App. Div. 2021). "[A]n award may be modified or terminated when a moving party presents a prima facie showing of changed circumstances." Ibid. "The cohabitation of a dependent spouse constitutes an event of changed circumstances, which requires further review of the economic consequences of the new relationship and its impact on the previously imposed support obligation." Reese, 430 N.J. Super. at 570.

New Jersey's alimony statute provides that "[a]limony may be suspended or terminated if the payee cohabits with another person." N.J.S.A. 2A:34-23(n). "And alimony may be terminated or modified pursuant to a consensual

agreement." Temple, 468 N.J. Super. at 368.  Courts may terminate, rather than modify, an alimony obligation when the express terms of a valid marital settlement agreement provide for termination on the happening of a stated event. Quinn v. Quinn, 225 N.J. 34, 38 (2016).  In Quinn, the parties' marital settlement agreement provided, "alimony shall terminate upon . . . the [w]ife's cohabitation . . . ."  Id. at 40 (emphasis added).  The court terminated alimony based on findings that the ex-wife and her partner had cohabited for over two years and the parties' "fair and equitable" marital settlement agreement "clearly and unequivocally" provided for termination of alimony in the event of cohabitation. Id. at 41, 51.

The trial judge did not abuse her discretion in modifying, rather than terminating, defendant's alimony obligation based on plaintiff's cohabitation. Termination due to cohabitation is not required by statutory or case law or the terms of the parties' MSA.  The MSA expressly provided, "[c]ohabitation of [w]ife . . . shall serve as a triggering event to review the alimony obligation."

And that's exactly what Judge Poppe did:  after conducting a plenary hearing during which both parties testified and presented evidence, the judge found plaintiff previously had cohabited with M.C. in a short-term relationship that had ended and then reviewed defendant's alimony obligation by considering

the parties' incomes, assets, and financial situations. Defendant does not challenge any of the factual findings the judge made. Based on those findings, the judge suspended defendant's alimony obligation during the cohabitation period, imputed income to plaintiff based on her limited ability to earn, and reduced defendant's alimony obligation. By following the law and the terms of the parties' MSA, the judge did not abuse her discretion.

We also apply a deferential standard of review to a Family Part judge's award of attorney's fees. Bisbing v. Bisbing, 468 N.J. Super. 112, 121 (App. Div. 2021). A Family Part judge's decision to grant or deny attorney's fees in a family action will be disturbed "only on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). We discern no reason to disturb the fee-award provisions of the August 7, 2023 order, especially considering the evidence demonstrating plaintiff did not have resources to make a lump-sum payment of $18,000.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11